# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>ANTONIO T. MORRIS,<br><br>                 Defendant. | Case No. 22-CR-177-JPS<br><br>**ORDER** |

**1.    INTRODUCTION**

On September 10, 2025, Defendant Antonio T. Morris ("Defendant") filed a motion for compassionate release and a brief in support thereof. ECF Nos. 28, 28-2. On October 7, 2025, the Government filed a brief in opposition to Defendant's motion.[1] ECF No. 31. The Government also certified that it served its response on Defendant. ECF No. 31-1. Defendant timely filed his reply brief, ECF No. 35, within the time allotted by the Court's briefing schedule, ECF No. 29. As such, all briefs were timely submitted and are now properly before the Court for its review. The Court will deny Defendant's motion for compassionate release, ECF No. 28, as this Court is the improper forum for the relief requested.

---

[1] As Defendant notes in his "notice," ECF No. 34, the Government did not file its response brief within the 21 days allotted. However, the Government immediately brought a motion for an extension of time, ECF No. 30, which the Court granted, ECF No. 32, as the Government had technical issues with filing. As such, the Government's response brief was timely filed.

## 2. FACTS

In spring 2022, Defendant committed three robberies in Milwaukee, Wisconsin. ECF No. 20 at 4–9. He was convicted of felony murder as part of one of those robberies and imprisoned at Waupun Correctional Institution ("WCI"). *Id* at 13–14. While at WCI, he faced difficult living conditions, which this Court considered during sentencing. ECF Nos. 23–24. This Court imposed a nine-year term of imprisonment, ECF Nos. 24–25, to run concurrently with the balance of the sentences that Defendant was then, and is currently, serving in connection to his revocations in his two state cases. *State of Wisconsin v. Anthony Morris*, Case No. 2007CF4316 (Milwaukee Cnty. Cir. Ct. 2007), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2007CF004316&countyNo=40&mode=details (last visited Nov. 18, 2025); *State of Wisconsin v. Anthony T. Morris*, Case No. 2014CF4032 (Milwaukee Cnty. Cir. Ct. 2014), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF004032&countyNo=40&mode=details (last visited Nov. 18, 2025). Defendant is currently confined at Fox Lake Correctional Institution, is 39 years old, and has a projected release date of April 2028. *See Offender Locator*, WIS. DEP'T OF CORR., https://appsdoc.wi.gov/lop/details/detail (last visited Nov. 18, 2025).[2] To obtain compassionate release from state custody, Defendant filed this pro se motion under Title 18, United States Code, Section 3582(c). ECF No. 28. The Government has opposed that motion. ECF No. 31.

---

[2]As apparent here, Defendant is referred to as Anthony Morris in each of his state cases. When this Court cross-referenced the Department of Corrections information with the information contained in the presentencing report, ECF No. 20 at 2, it is apparent that this is simply one of Defendant's aliases.

3. **STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id*. § 3582(c)(1)(A)(i).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. **ANALYSIS**

Defendant asks the Court to order his release from state custody by adjusting his sentence to "time served," with the remainder of his unserved sentence being "stayed," and allowing him to move to Minnesota to serve his term of supervision. ECF No. 28 at 5. Defendant claims extraordinary and compelling reasons warrant this relief, including that he has been made to eat rat feces and drink contaminated water at WCI, and that he has a job prospect lined up for him in Minnesota upon his release. *Id*. at 1–5.

The Government advances four arguments in response. *Id*. 6 – 12. However, the second argument is dispositive: the federal compassionate release statue does not afford Defendant the relief he seeks, as discussed

below. Accordingly, the Court need not address the Government's remaining arguments as to the merits.

Ultimately, Defendant seeks release from state custody, a request that this Court could not grant, even if Defendant showed all relevant considerations weighed in his favor. "It is well established that habeas corpus is the *exclusive* remedy for a *state prisoner* who challenges the fact or duration of his confinement and seeks immediate or speedier release." *See Puerner v. Smith*, No. 09-CV-1051, 2009 WL 4667996, at *2 (E.D. Wis. Dec. 3, 2009) (emphasis added) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–490 (1973)). Indeed, this Court "does not have the authority to order a compassionate release from state custody, which is a matter of state law." *Id*. The Court simply has no jurisdiction here.

5. **CONCLUSION**

Defendant has chosen the wrong forum in which to make his request. State court, not federal court, is the proper forum.

Accordingly,

**IT IS ORDERED** that Defendant Antonio T. Morris' motion for compassionate release, ECF No. 28, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge